UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EMILY IRWIN o/b/o N.B.B.,

        **Plaintiff,**

   v.                                                                                          1:13-CV-889

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

        **Defendant.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.  INTRODUCTION**

Plaintiff EMILY IRWIN brought this suit under § 205(g) of the Social Security Act ("Act"), as amended, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for supplemental security benefits on behalf of N.B.B., a minor child. See Compl. dkt. 1.  Defendant moves to dismiss the action on the grounds that plaintiff's complaint is untimely.  See dkt. # 8. Plaintiff has submitted an untimely response[1] asserting that good cause exists for "missing

---

[1] Plaintiff submitted her response on December 17, 2013, which is seven days past the date that opposition papers were due. See N.D.N.Y. Local rule 7.1(b)(1)("The party opposing the motion must file its opposition papers with the Court and serve them upon the other parties not less than **SEVENTEEN DAYS** prior to the return date of the motion.")(emphasis in original); see also Docket,  11/26/13 Text Notice ("TEXT NOTICE of Hearing on Motion: Deft's 8 MOTION to Dismiss is placed on Judge McAvoy's 12/27/13 Motion Calendar at 10 AM in Binghamton. Response to Motion due by 12/10/2013. Reply to Response to Motion due by 12/16/2013. (sfp, ) (Entered: 11/26/2013)")(emphasis added).

1

the deadline to request review." Margolius Decl., ¶ 3 [Dkt. # 9].  For the reasons that follow, defendant's motion is granted.

## II.    DISCUSSION

On April 24, 2013, the Appeals Council denied plaintiff's request for review of the Administrative Law Judge's (ALJ's) decision denying her claim for supplemental security benefits on behalf of N.B.B., a minor child.  Defendant asserts that the Appeals Council's denial was mailed on April 24, 2013.  The Social Security Act provides that any action to review the final decision of the Commissioner made after hearing must be commenced within 60 days after the mailing to the party bringing the action of notice of such decision. See 42 U.S.C. § 405(g) and (h).  The Commissioner's regulation at 20 C.F.R. § 422.210(c) has interpreted "mailing" as the date of receipt by the individual of the Appeals Council's notice of denial of request for review of the ALJ's decision or of the Appeals Council's decision. See 20 C.F.R. §§ 404.981, 416.1481.  The date of receipt is presumed to be five (5) days after the date of such notice, unless there is a reasonable showing to the contrary.  20 C.F.R. §§ 422.210(c) , 404.901, and 416.1401.  Defendant argues that because the Appeals Council's notice is dated April 24, 2013, the date of receipt of the notice is presumed to be April 29, 2013.[2]  Defendant further argues that plaintiff needed to commence her civil action no later than June 28, 2013, but the action was not commenced until July 30, 2013.

Because the sixty-day limitations period is a condition to the government's waiver of sovereign immunity, the limitations period must be strictly construed. Bowen v. City of New

---

[2]Plaintiff's counsel concedes that he received the Appeals Council's notice on April 29, 2013. See Margolius Decl., ¶ 2.

York, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L. Ed.2d 462 (1986). "Only when a claimant successfully rebuts the presumption with a 'reasonable showing' that [s]he received notice of decision after five days, the burden shifts to the Commissioner of Social Security to establish that the claimant received actual notice." Liranzo v. Astrue, 2010 WL 626791, at *1 (E.D.N.Y. Feb. 23, 2010)(citing Matsibekker v. Heckler, 738 F.2d 79, 81 (2d Cir.1984)).

> Plaintiff's counsel asserts in his declaration that:
>
> The motion should be denied because the plaintiff was unaware of the April 24, 2013 denial from the Appeals Council until July 22, 2013, making the appeal late. I received the April 24, 2013 denial in this action from the Appeals Council on April 29, 2013. Since my office was unable to contact the plaintiff by telephone, a letter was sent on May 6, 2013 informing her of the denial and the need to contact our office if she wished to pursue an appeal. We received no contact from the plaintiff until July 22, 2013 at which time she called my office to check the status of the claim. At that time we informed her of the denial and the plaintiff indicated that she had never received neither [sic] the Appeals Council denial nor [sic] our correspondence. She further indicated that she was aware that there had been several pieces of mail that she had not received during the same time period.

Margolius Decl. ¶ 2.

The hearsay in plaintiff's attorney's declaration[3] that plaintiff "was aware that there had been several pieces of mail that she had not received during the same time period" is insufficient to rebut the presumption that she received the Appeals Council's notice on April 29, 2013. See Liranzo, 2010 WL 626791, at *2 ("However, 'a plaintiff must do more than merely assert that he did not receive the notice within five days ... Rather, a plaintiff must present some affirmative evidence indicating that the actual receipt occurred more than five days after issuance.' . . . Plaintiffs mere self-serving assertion that he did not

---

[3]Plaintiff has not submitted her own affidavit.

3

receive the Appeals Council's notice is insufficient to rebut the presumption of receipt of the letter within five days of its date.")(quoting Guinyard v. Apfel, 2000 WL 297165, at *4 (S.D.N.Y. Mar. 22, 2000)); Guinyard, 2000 WL 297165, at *4 (holding that "[plaintiffs] bare assertion that the notice arrived over months late in a damaged condition ... [fell] short of the 'reasonable showing' necessary to overcome the presumption ...."); Malavolta v. Commission of Social Security, 2009 WL 1097275, at *4 (S.D.N.Y. Apr.23, 2009) (holding that plaintiff's "bare assertion that he did not receive the Appeals Council decision until two months after the date of the decision" was insufficient to rebut the presumption that he received the letter within five days of the date of the decision). The fact that plaintiff's counsel received the Appeals Council's notice on April 29, 2013 further weakens the hearsay assertion that plaintiff did not receive it on the same date. See Marte v. Apfel, 1998 WL 292358, at *2 (S.D.N.Y. June 3, 1998) (finding that plaintiff's unsubstantiated affidavit "cannot provide a substitute for a more concrete showing that the plaintiff or her attorney actually did not receive the Secretary's notice within five days of the date of mailing").

Likewise, Plaintiff has failed to demonstrate "unusual or unavoidable circumstances" which prevented her from timely filing, see Margolius Decl. ¶ 3,[4] or facts

---

[4] Plaintiff's counsel asserts in his declaration:

3. Code of Federal Regulations, Section 404.911; Program Operations Manual System (POMS) GN 03101.020; SI 04005.015; and ON 03102.150 give specific examples where good cause may exist for missing the deadline to request review. These examples of circumstances include:

(a) You did not receive notice of the determination or decision; and

(b) Unusual or unavoidable circumstances exist which show that you could not have known of the need to file timely, or which prevented you from filing timely.

(continued...)

4

sufficient to invoke equitable tolling.[5] See Liranzo, 2010 WL 626791, at *3.[6]  Taking the factual assertions in plaintiff's counsel's declaration at face value, they are merely that plaintiff failed to remain in contact with her counsel, and that, at some undefined period of time, she *may* have not been received some pieces of mail.  This demonstrates neither the existence of extraordinary circumstances causing the lateness of the filing, nor the exercise of reasonable diligence in pursuing the application during the period that plaintiff seeks to toll.  At a bare minimum, reasonable diligence would have dictated more regular contact by plaintiff with her attorney, and more vigilance over the mail delivered to her address - especially knowing that the results of her Social Security supplemental income application would be forthcoming. The Court finds no basis to excuse the late filing or to

---

[4](...continued)
Margolius Decl. ¶ 3.

[5] In the exercise of discretion, the Court has interpreted plaintiff's argument as one also seeking equitable tolling.

[6]The Liranzo Court wrote:

The principle of equitable tolling may excuse a claimants failure to file his complaint on time. Bowen, 476 U.S. at 478. The plaintiff bears the burden of persuasion to show that tolling is justified. See, e.g., Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).  A late-filing plaintiff seeking equitable tolling must prove two things.  First, "extraordinary circumstances" must have prevented the party from filing on time. Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000) (citing Johnson v. Nyack Hospital, 86 F.3d 8, 12 (2d Cir. 1996)). This requires demonstrating both the existence of extraordinary circumstances and a "causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of [the] filing." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). Second, the plaintiff must have acted with "reasonable diligence" in pursuing his application during the period he seeks to toll. Johnson, 86 F.3d at 1; see also Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005) (finding that a plaintiff must demonstrate "both extraordinary circumstances and due diligence").

5

apply equitable tolling. See e.g. Liranzo, 2010 WL 626791, at *3.[7]

### III.   CONCLUSION

For the reasons discussed above, the Commissioner's motion to dismiss this action [dkt. # 8] is GRANTED, and the action is DISMISSED.

**IT IS SO ORDERED.**

Dated:**December 19, 2013**

_____
Thomas J. McAvoy
Senior, U.S. District Judge

---

[7](Although "relief from the statute's time limit is not to be grudgingly granted [] because the social security scheme is "unusually protective of claimants[,]" Bowen, 476 U.S. at 480 (quoting Heckler v. Day, 467 U.S. 104, 106, 104 S. Ct. 2249, 81 L. Ed.2d 88 (1984))," the district court denied equitable tolling despite the claim that ill health prevented the plaintiff from checking his mail and filing his complaint sooner because "'[a]llowing disability claimants who have been denied benefits to toll the 60–day period on the grounds of poor health would thoroughly undermine [section 405(g)'s] sixty-day limitations period.' Wong v. Bowen, 854 F.2d 630, 630–31 (2d Cir.1988).").